**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Anthony Miles, | Case No. 2:23-cv-00087-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Calvin Johnson; et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for leave to amend his complaint. (ECF No. 45). Defendants do not oppose the motion. (ECF No. 46). Because courts in the Ninth Circuit grant leave to amend with liberality and because no party has opposed, the Court grants Plaintiff's motion to amend. Also before the Court is the parties' stipulation setting a discovery plan for Plaintiff's proposed new defendants. (ECF No. 47). Because the Court does not find the parties' proposal to be workable, it denies the stipulation without prejudice.

**I.     Plaintiff's motion to amend.**

The Court notes that the deadline to amend pleadings or add parties passed on April 28, 2024, (ECF No. 17). When the deadline for amending pleadings under a scheduling order has passed, the Court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not diligent, the inquiry should end." *In re W. States*

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10 (no good cause for amendment when movant knew of facts and theory from the beginning of the case and waited until four months after the deadline for amendments passed to move to amend).

If the moving party has shown diligence, then the Court considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Here, the Court finds that amendment is appropriate under Federal Rules of Civil Procedure 16 and 15. Although neither party briefed Rule 16, Plaintiff has demonstrated diligence because he explains that he only learned the true identity of the defendants he now seeks to add during the course of discovery. Additionally, considering the strong public policy in favor of permitting amendment, the Ninth Circuit's caution to apply Rule 15(a) with extreme liberality, and that no party has opposed, granting leave to amend is appropriate here. The Court thus grants Plaintiff's motion to amend.

**II.     Stipulation setting discovery plan.**

The parties stipulate to "extend out the dispositive motion and joint pretrial order deadlines to after the completion of discovery for the new proposed defendants." (ECF No. 47 at 2). However, the "completion of discovery for the new proposed defendants" has not yet occurred. And the Court declines to set uncertain deadlines based on contingencies that have not yet occurred.

The parties further propose to file a "proposed discovery schedule 14 days after the Office of the Attorney General submits an acceptance of service for the new defendants has been filed

[sic]." (*Id.*).  But the parties provide no authority for filing a new discovery schedule, instead of modifying the existing discovery schedule as necessary as new defendants appear.  *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3.  So, the Court denies the parties stipulation without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (ECF No. 45) is **granted**.  The Clerk's Office is kindly directed to detach and file Plaintiff's amended complaint (ECF No. 45 at 4-21).

**IT IS FURTHER ORDERED** that the parties stipulation (ECF No. 47) is **denied without prejudice.**

DATED: March 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE